IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JORGE NIEBLA,
    Plaintiff,

vs.                                       5:08cv363/RS/MD

ASST. WARDEN C.G. ATKINS,
    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate who is currently incarcerated at Apalachee Correctional Institution proceeding pro se and a prolific litigant in this district,[1] initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.  Neither the $350.00 filing fee nor a motion for leave to proceed *in forma pauperis* has been filed.  Having reviewed the complaint, applicable statutes and controlling case law, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1]Plaintiff has filed over 50 cases in the Northern District of Florida since 2005.

28 U.S.C. § 1915(g).  Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*.  Plaintiff has not attempted to proceed *in forma pauperis* in this case.  However, a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001).  The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that a case plaintiff filed in this court in 2005 was dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*.  (See 3:05cv433/LAC/EMT *Niebla v. Abdul-Wasi*, dismissed on December 13, 2005).  In addition, as recently as this year this court dismissed one of plaintiff's cases for the same reason.  (See 3:08cv13/MCR/MD, *Niebla v. Magaha*, dismissed on January 31, 2008).  Clearly, plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff's allegations are as follows:

1.  Since he has been at ACI he has been writing to the FBI and others about corruption within the prison administration.

2. The defendant is aware of plaintiff's correspondence.

3. Defendant "set plaintiff up" with a DR on November 30, 2008.

4. The DR was written with intent to punish plaintiff.

5. The defendant is "so deep in corruption" that he fears plaintiff's correspondence.

6. Plaintiff's civil rights are being violated, and will continue to be violated through retaliation, harassment and false DRs due to the defendant's retaliatory animus.
(Doc. 1 at 5).

Plaintiff contends that his "constitutional rights" are being violated, and as relief requests "assistance, justice and the federal protection that he is entitle to."  (*Id.* at 7).

Plaintiff's allegations do not entitle him to proceed *in forma pauperis* in this case, as even liberally construed his complaint cannot be read as suggesting that he is in imminent danger of serious bodily injury. Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time he files his case.

Accordingly, it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 22nd day of December, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:08cv363/RS/MD*